IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOLENE CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   23-cv-288-RJD |
| ) | |
| DEPARTMENT OF HUMAN SERVICES, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Jolene Carter, acting *pro se*, filed this case on January 30, 2023 alleging her former employer, Alton Mental Health Center, discriminated against her based on her disability, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112.  More specifically, Plaintiff alleges she requested various accommodations from her employer due to her disability that were denied and, as a result, she was forced to resign from her position on December 31, 2021.

Defendant filed a Motion to Dismiss on May 17, 2023 that is now before the Court (Doc. 15).  Plaintiff filed a response on June 26, 2023 (Doc. 19).  The Court notes that Plaintiff's filing was untimely; however, in light of her *pro se* status, the Court will accept this filing as timely. Plaintiff is **ADVISED** to review this District's Local Rules, specifically Local Rule 7.1, available on the Court's webpage, which sets forth the deadlines to respond to motions.

**Relevant Background**

In her complaint, Plaintiff alleges she is a disabled veteran with post-traumatic stress disorder.  Plaintiff alleges that in light of her disability, she submitted a written request for accommodations on April 3, 2020, requesting that she receive a reduced work schedule and that

she be excused from responding to "codes," which she described as a call for all available staff to address certain patient concerns. According to Plaintiff, the only response to this request was a denial of the same on October 7, 2020. While Plaintiff's April 3, 2020 request remained pending, she submitted a second request for accommodations on June 25, 2020, requesting permission to use a PTSD service dog while at work. On August 3, 2020, Plaintiff was advised that more information was needed to process the request. Plaintiff's June 25, 2020 request was denied on August 12, 2020 on the basis that Plaintiff had not submitted "appeal information" in a timely manner. Plaintiff contends she submitted the required documentation on August 19, 2020, prior to the deadline that was provided to her.

Plaintiff received her trained service dog on September 27, 2020, and brought the dog to work with her on September 29, 2020. Plaintiff was advised that she could not have the dog at work with her and that if she required such a dog, then Alton Mental Health Center was not the place for her to work.

Plaintiff alleges that as a result of not being allowed to bring her service dog to work, she missed numerous days of employment, exhausted her paid sick leave, was forced to use her unpaid FMLA time, and was ultimately forced to resign on December 31, 2021.

In its motion to dismiss, Defendant asserts Plaintiff failed to timely bring her complaint. Defendant also asserts Plaintiff's complaint fails to state a claim upon which relief can be granted.

### Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal if a complaint fails to state a claim upon which relief can be granted. In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th

Cir. 2007) (quotations omitted). A plaintiff need not set out all relevant facts or recite the law in his or her complaint; however, the plaintiff must provide a short and plain statement that shows that he or she is entitled to relief. *See* FED. R. CIV. P. 8(a)(2). Thus, a complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atlantic Corp.*, 550 U.S. at 558. Deciding plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 679)).

## Discussion

### *Timeliness*

The Court first addresses Defendant's contention that Plaintiff failed to timely bring her complaint. Defendant correctly cites 42 U.S.C. § 2000e-5(f)(1), which prescribes that an aggrieved party has ninety days to file a civil action after notification that the EEOC has dismissed a charge of discrimination. The ninety days are measured from the date Plaintiff, or her attorney, actually received the notice. *De Tata v. Rollprint Packaging Products Inc.*, 632 F.3d 962, 967-68 (7th Cir. 2011).

In its motion to dismiss, Defendant asserts the EEOC issued its "right-to-sue" letter on October 26, 2022. Defendant asserts Plaintiff filed this case on January 30, 2023, six days beyond the allowable ninety-day period. In her response, Plaintiff provided the affidavit of Carl Draper, her attorney serving while the EEOC claim was pending, indicating the EEOC notice letter was

received on November 1, 2022 (Affidavit of Carl Draper, Doc. 19 at 3, ¶ 1). Based on the date of receipt, Plaintiff contends she had until January 29, 2023 to file suit and, because this date was a Sunday, the final deadline was January 30, 2023, the date on which suit was filed. The Court agrees. Plaintiff's documentation makes it clear this matter was timely filed on January 30, 2023 and dismissal is not appropriate on this basis.

*Failure to State a Claim*

Defendant also contends Plaintiff's complaint fails to state a claim and should be dismissed under Rule 12(b)(6). In support of this argument, Defendant asserts Plaintiff's complaint fails to make the required connection between the facts alleged and any basis for liability of Defendant. Defendant contends Plaintiff failed to assert any legal authority or basis under which she purports to bring a claim against Defendant and, in her complaint, merely recites a series of facts that purport to state that she was injured by Defendant.

In response to Defendant's motion, Plaintiff asserts she stated a claim for discrimination related to her disability insofar as the Illinois Department of Human Services refused her reasonable accommodation request and refused to discuss said request.

As a preliminary matter, the Court notes that Plaintiff is proceeding *pro se* and, as such, her complaint is to be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). Indeed, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotations omitted).

Based on the allegations in the complaint, it is clear Plaintiff is attempting to bring a claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(a) for discrimination against a "qualified individual on the basis of disability" against her former employer, Defendant Illinois Department of Human Services.

Under the ADA, a disability is a physical or mental impairment that substantially limits one or more major life activities, a record of such an impairment, or being regarded as having such an impairment. 42 U.S.C. § 12102(1). Failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability" constitutes discrimination under the ADA, unless the employer can demonstrate that the accommodation would impose an "undue hardship." 42 U.S.C. § 12112(b)(5)(A).

To state a failure to accommodate claim, the Plaintiff must allege that (1) she is a qualified individual with a disability; (2) Defendant was aware of the disability; and (3) Defendant failed to reasonably accommodate her disability. *See Brumfield v. City of Chicago*, 735 F.3d 619, 631 (7th Cir. 2013) (citing *EEOC v. Sears Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005)).

It is not clear which, if any, of these elements Defendants contends was not sufficiently alleged in the complaint. In its motion, Defendant invokes general case law concerning the implementation of policies in employment, and then asserts Plaintiff failed to state a claim because she failed to make a connection between her factual allegations and a legal authority for a claim. The Court finds her complaint is clearly alleging an ADA discrimination claim. This is clear based not only on the allegations in her "Statement of Claim," but she also specifically cites the ADA at 42 U.S.C. § 12112 in her complaint. Thus, the undersigned disagrees with Defendant's broad and general proposition that Plaintiff's claim must be dismissed because she failed to tie her factual allegations to any cognizable legal theory against Defendant. Defendant failed to make any argument concerning whether Plaintiff pled the specific elements cited above necessary for an ADA accommodation claim and, as such, the Court declines to analyze those elements any further.

## Conclusion

Based on the foregoing, Defendant's Motion to Dismiss (Doc. 15) is **DENIED**.

The Court also notes that Plaintiff was ordered to show cause by June 27, 2023 as to why she failed to appear for the June 6, 2023 Scheduling and Discovery Conference. Plaintiff timely filed her response and explained that she did not receive notice of the conference until after the fact (Doc. 20). Based on her response, the Show Cause Order is **SATISFIED**.

As a final matter, there is not yet a scheduling and discovery order entered in this case. The parties were directed to submit a Joint Report and Proposed Scheduling and Discovery Order ahead of the June 6, 2023 Scheduling and Discovery Conference. No Joint Report was received, and Plaintiff was not present for the Scheduling Conference. Counsel for Defendant was directed to submit a proposed Joint Report by June 13, 2023. Again, nothing was received. The Court will enter a Scheduling and Discovery Order that aligns with the current trial date of July 9, 2024 by separate docket entry.

**IT IS SO ORDERED.**

**DATED: July 14, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**